**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-60591
(Summary Calendar)
_____


MILDRED QUARLES, ET AL.,

Plaintiffs-Appellants;

versus


AVA N.  JACKSON, ET AL.,

Defendants-Appellees.



_____

Appeal from the United States District Court
For the Northern District Of Mississippi
(3:95-CV-212)
_____


(August 14, 1996)


Before GARWOOD, WIENER, and PARKER, Circuit Judges:

PER CURIAM[*]:

This appeal requires us to examine, first, the district

court's denial of a motion to remand the instant case, and, second,

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the court's ultimate dismissal of the action on preemption grounds. We agree with the district court's conclusion that it had subject matter jurisdiction over the case; accordingly, we affirm its denial of the motion to remand. We disagree, however, with the district court's determination that federal law preempts the entire action. We therefore (1) vacate in part the order of dismissal, and (2) remand to the district court the claims that are not preempted, with instructions to exercise its discretion either to accept supplemental jurisdiction over those claims or remand them to state court.

I

FACTS AND PROCEEDINGS

Generally, in reviewing either denials of a motion to remand or dismissals of a complaint, we are limited to a review of the parties' pleadings.[2] It is therefore difficult to discern the basic facts of the instant case. Nonetheless, our best reconstruction of the underlying facts is as follows.

In 1995, Alvin O. Chambliss, Jr. was suspended and then terminated from his job as a staff attorney with the North

_____

[2]See, e.g., Carpenter v. Wichita Falls Indep. School Dist., 44 F.3d 362, 366 (5th Cir. 1995) ("A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.") (reviewing district court's denial of motion to remand); see also C.C. Port Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995) ("This Court reviews de novo a district court's dismissal on the pleadings, accepting as true those well-pleaded factual allegations in the complaint.").

2

Mississippi Rural Legal Services (Legal Services). His termination was the culmination of a disagreement over how Legal Services would handle a class-action discrimination case styled Ayers v. Fordice. Apparently, there were two factions within Legal Services: The one of which Chambliss was a member wanted to continue prosecuting the Ayers case; the other preferred, for financial reasons, to drop it. Chambliss' faction lost and, as either a direct or indirect result, he was terminated.

A "power struggle" within Legal Services ensued. Several pro-Chambliss individuals[2] attempted to have the question of reinstating Chambliss placed on the agenda of the Board of Directors' August 19, 1995 meeting. For reasons that are unclear, these efforts failed and the Chambliss issue did not make the agenda. After completing the items of business on the August 19 agenda, Robert Buck, the Chairman of the Board of Directors, terminated the meeting. Most of the meeting's participants left, but a contingent of pro-Chambliss individuals remained.

This contingent decided that the meeting had been improperly adjourned and that a quorum remained present, so they purported to continue to conduct business. After Mildred Quarles, the Vice-Chairperson, took the helm, motions to reinstate Chambliss with full back pay and to continue the Ayers litigation were adopted.

---

[2]It is unclear whether these individuals were Legal Services board members, Legal Services employees, members of the plaintiff class in Ayers, or some combination of the three.

Later, Ava N. Jackson, the Executive Director, refused to honor the measures adopted during the reconvened meeting of the Board.

On August 31, 1995, Quarles, individually and on behalf of "other Board members" of Legal Services, filed a complaint for injunctive, declaratory, and other relief in the Chancery Court of Lafayette County, Mississippi (state court). Quarles' complaint alleged inter alia that (1) Chambliss had been suspended and terminated from his job unlawfully; and (2) Jackson and her Legal Services allies had violated Mississippi law by failing to implement the decisions adopted during the reconvened meeting. The complaint sought, among other relief, an injunction restraining Jackson and "her officers, agents, employees, attorneys, secretaries, advisors, and successors in office" from taking action contrary to the mandate set forth during the reconvened meeting "until the North Mississippi Rural Legal Services Board of Directors issues a clear decision."

On the day that the complaint was filed, the state court issued a temporary restraining order (TRO) directing Legal Services to reinstate Chambliss with full back pay and enjoining Jackson from "enforcing any of her sanctions until the Board of Directors of North Mississippi Rural Legal Services Act [sic]." The following day, Jackson removed the case to federal district court, arguing that the litigation involved a claim for relief relating to the terms of a collective bargaining agreement (CBA), and therefore

4

the federal district court had original jurisdiction.[3]

The following facts relevant to the removal are not in dispute: (1) The employees of Legal Services are represented by a certified collective bargaining representative, UAW Local 2320, National Organization of Legal Services Workers; (2) Chambliss was at all pertinent times a member of the collective bargaining unit and of the union; (3) a CBA between Legal Services and the union was in existence at all pertinent times; (4) the CBA contains a grievance and arbitration procedure; (5) upon his suspension and termination, Chambliss invoked the grievance and arbitration procedure by filing a grievance; and (6) Chambliss remains involved in the grievance procedure.

A few days after the removal of the suit, Jackson requested that the district court dissolve the TRO and dismiss the complaint. Jackson argued that because resolution of the case would require the court to interpret the CBA, the case is preempted by federal labor law and the TRO was improvidently granted. In response, Quarles filed a motion to remand, contending that the district court lacked federal subject matter jurisdiction. The district court denied the motion to remand. Additionally, after finding that Chambliss had failed to exhaust his remedies under the CBA, the district court dissolved the TRO and dismissed the complaint.[4]

---

[3]See 29 U.S.C. § 185.

[4]The district court's order does not specify whether the complaint was dismissed with or without prejudice. This court has

Quarles timely appealed.

## II

## DISCUSSION

A.   DENIAL OF MOTION TO REMAND

On appeal, Quarles argues, first, that federalism, comity, and the doctrine of abstention require the remand of this case.  The denial of a motion to remand an action removed from state to federal court is a question of federal subject matter jurisdiction and statutory construction subject to de novo review.[5]

Section 1441 of Title 28, the Judicial Code, governs the propriety of removal to federal district courts.  Removal under § 1441(b), the basis of removal here, is appropriate only for those claims within the federal question jurisdiction of the district courts; that is, claims "arising under the Constitution, laws, or treaties of the United States."[6]  A determination that a cause of action presents a federal question depends on the allegations of

---

held that "[u]nless an involuntary order of dismissal specifies that it is without prejudice, . . . it operates as an adjudication on the merits."  See Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotations omitted). Thus, the district court effectively dismissed the complaint with prejudice.  See id.

[5]Allen v. R & H  Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995); Leffall v. Dallas Indep.  Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Garrett v. Commonwealth Mortgage Corp. of Am., 938 F.2d 591, 593 (5th Cir. 1991).

[6]28 U.S.C. §  1331.

the plaintiff's well-pleaded complaint.[7]  Generally, for purposes of § 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.[8]

With Quarles' complaint, we need not venture far to find a "substantial, disputed question of federal law."  For example, the second paragraph of her complaint reads as follows:

> This complaint for Declaratory, Injunctive and other Relief enjoining Ava N. Jackson, Executive Director of North Mississippi Legal Services, Inc., and others from violating the rights of Plaintiff, her attorney and other class members he represent [sic] as secured by 42 U.S.C. Sections 2201 and 2202; 42 U.S.C. [sic] 2000a-(1)(2)(3): [sic] 2000b-(2); 2000c-(8) [sic] 2000d . . . and the fifth, ninth, thirteenth, an [sic] fourteenth amendments to the State and Federal Constitutions.

When a complaint expressly seeks the vindication of rights enumerated in both a federal statute and the Constitution, that complaint, at least on its face, involves "substantial, disputed questions of federal law."  Moreover, the complaint itself states that jurisdiction for this case rests on 28 U.S.C. § 1331.  To quote the district court, for Quarles "[t]o complain now that [she] only seek[s] to enforce state law rights is disingenuous."  Accordingly, we hold that the district court had federal question jurisdiction under section 1331.

---

[7]Carpenter v. Witchita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir.  1995).

[8]Id. (citing Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 12 (1983)).

B.   PREEMPTION

After determining that it had subject matter jurisdiction over the case, the district court held that § 301 of the Labor Management Relations Act (§ 301)[9] preempts each claim raised by the suit, as the claims are "inextricably intertwined" with the interpretation of the CBA.  The court therefore ordered the state court's TRO dissolved and the cause dismissed.  Quarles does not contest the district court's dismissal on preemption grounds of a number of her claims; accordingly, she has waived any such arguments.  Nevertheless, Quarles does contend that her state law governance claims, grounded in the Mississippi Administration Procedures Act (MAPA)[10] and the Mississippi Open Meetings Act (MOMA)[11] (collectively, the governance claims), are not preempted and therefore should have not been dismissed.  We agree.

Preemption is a question of law reviewed de novo.[12]  A state law claim is preempted by § 301 "'if the resolution of [the] claim depends upon the meaning of a collective-bargaining agreement.'"[13]

---

[9]See 29 U.S.C. § 185(a).

[10]See MISS. CODE ANN. §§ 25-43-1 et seq. (1972 & Supp. 1996).

[11]See MISS. CODE ANN. §§ 25-41-1 et seq. (1972 & Supp. 1996).

[12]Matter of Dyke, 943 F.2d 1435, 1440 (5th Cir. 1991).

[13]Baker v. Farmers Electric Coop., Inc., 34 F.3d 274, 279 (5th Cir. 1994) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405 (1988).

Accordingly, "the critical inquiry concerns the necessity of looking to the terms of the CBA to resolve the state law claim."[14]

In the instant case, the CBA is entirely irrelevant to the resolution of Quarles's state law claims alleging that Jackson and her supporters improperly defied directives of the Board. As we need not look to the terms of the CBA to resolve those claims, they are not preempted by § 301. Accordingly, we vacate that portion of the district court's order dismissing Quarles's governance claims and remand those claims to the district court. As Quarles has not appealed the district court's dismissal of her federal claims, it is within the district court's discretion either to (1) accept supplemental jurisdiction over the state law governance claims, or (2) decline jurisdiction and remand the governance claims to state court.[15]

## III.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Quarles's motion to remand. We also affirm the court's dismissal order with respect to each of Quarles's claims except her

---

[14]Id. at 280.

[15]See Hubbard v. Blue Cross & Blue Shield Ass'n, 42 F.3d 942, 947 (5th Cir.) ("When all federal claims are dismissed, the district court enjoys wide discretion in determining whether to retain jurisdiction over the remaining state law claims.") (citing Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994); Burns-Toole v. Byrne, 11 F.3d 1270 (5th Cir.), cert. denied, 114 S. Ct. 2680 (1994)), cert. denied, 115 S. Ct. 2276 (1995).

governance claims. We vacate the dismissal order insofar as it incorporates the governance claims and remand those claims to the district court with instructions to exercise its discretion as to whether to retain jurisdiction or remand them to state court.

AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.